IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY WAYNE WARNER, ) | |
|   ID # 861634, ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | No. 3:20-CV-858-B-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 18, 2020 (doc. 15). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

Gary Wayne Warner (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1991 and 1999 convictions and sentences. (*See* doc. 15 at 2.) The respondent is the Director of TDCJ-CID (Respondent).

On July 25, 1991, Petitioner was convicted of aggravated assault in Cause No. F91-41758 in the 195th Judicial District Court of Dallas County, Texas, and sentenced to two years' imprisonment. (*See id.*) *See* https://offender.tdcj.texas.gov/ OffenderSearch (last visited Sept. 2, 2020). He did not appeal his 1991 conviction or sentence. (*See* doc. 15 at 3.) He did file three state petitions for writ of mandamus: (1) the first was filed in the Fifth District Court of Appeals on January 7, 2010, and denied on February 9, 2010; (2) the second was filed in the Fifth District

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

Court of Appeals on July 26, 2018, and denied on August 6, 2018; and (3) the third was filed in the Texas Supreme Court on March 11, 2019, and denied on June 14, 2019.[2] *See In re Warner*, No. 05-10-00205-CV, 2010 WL 434544, at *1 (Tex. App.—Dallas Feb. 9, 2010, orig. proceeding.); *In re Warner*, No. 05-18-00855-CV, 2018 WL 3723714, at *1 (Tex. App.—Dallas Aug. 6, 2018, orig. proceeding [mand. denied]); *In re Warner*, No. 19-0345 (Tex. June 14, 2019).

On February 3, 1999, Petitioner was convicted of escape in Cause No. F98-48916 in the Criminal District Court No. 2 of Dallas County, for which he was sentenced to life imprisonment.[3] (*See* doc. 15 at 2.) *See* https://offender.tdcj.texas.gov/OffenderSearch (last visited Sept. 2, 2020). He claims that his sentence for escape in the 1999 case was enhanced due to his aggravated assault conviction in the 1991 case. (*See* doc. 15 at 2.) Petitioner's conviction and sentence in the 1999 case were affirmed by the Fifth District Court of Appeals on February 5, 2001. *See Warner v. State*, Nos. 05-99-00217-CR, 05-99-00218-CR, 05-99-00219-CR, 2001 WL 92703, at *1 (Tex. App.—Dallas Feb. 5, 2001, no pet.). He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. Petitioner's state habeas application in the 1999 case, received and deemed filed on June 21, 2002, was denied without a written order on July 31, 2002. *See Ex parte Warner*, WR-52,843-03 (Tex. Crim. App. July 31, 2002). Petitioner filed a federal habeas petition challenging his escape conviction and sentence on August 15, 2002. (*See* No. 3:02-CV-1961-N-BF, doc. 1.) On April 15, 2003, it was dismissed without prejudice at his request. (*See id.*, docs. 21, 22.)

Petitioner now challenges his convictions and sentences in both cases, alleging:

---

[2] Petitioner was denied leave by the Texas Court of Criminal Appeals to file two additional state petitions for writ of mandamus on July 14, 2010, and November 7, 2018, respectively. *See In re Warner*, No. WR-52,843-08 (Tex. Crim. App. July 14, 2010); *In re Warner*, No. WR-52,843-12 (Tex. Crim. App. Nov. 7, 2018).

[3] Petitioner also received life sentences for aggravated assault in Cause No. F97-03510 on February 3, 1999, and for burglary of a habitation and aggravated assault in Cause Nos. F98-70278 and F99-00096, respectively, on February 4, 1999. *See* https://offender.tdcj.texas.gov/OffenderSearch (last visited Sept. 2, 2020).

(1) insufficient evidence to support the trial court's finding that the 1991 conviction was true for purposes of enhancing his sentencing range under Penal Code § 12.42(d);

(2) insufficient evidence for the trial court's finding that the 1991 conviction was proper for a felony enhancement;

(3) denial of due process because he is actually innocent of the felony enhancement conviction of felony aggravated assault with a deadly weapon finding, the government fraudulently concealed its breach of the plea agreement, and he is actually innocent of the habitual felony provision of Texas Penal Code § 12.42;

(4) denial of due process as a result of prosecutorial misconduct when the prosecutor falsely informed the trial court that Petitioner had been sent to prison for aggravated assault with a deadly weapon in the 1991 case;

(5) ineffective assistance of counsel for Petitioner's involuntary plea of guilty and true, and for failure to investigate the facts of Petitioner's case;

(6) insufficient evidence to support each element of the conviction beyond a reasonable doubt; and

(7) participation by the state in denying Petitioner's fundamental right to counsel after Petitioner informed the trial court that his counsel was trying to get him to plead guilty to a crime he did not commit as alleged in the indictment.

(*See* doc. 15 at 8-10; doc. 10 at 4-12.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006.  It applies to all federal petitions for habeas corpus filed after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court).  Title I of AEDPA substantially changed the way federal courts handle habeas corpus petitions, and one of the major changes is a one-year limitations.  *See* 28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, because Petitioner did not file a direct appeal in the 1991 case, his conviction became final for purposes of § 2244(d)(1)(A) on Saturday, August 24, 1991, when the thirty-day period for filing a notice of appeal expired. *See* Tex. R. App. P. 26.2(a) (stating that "[t]he notice of appeal must be filed . . . within 30 days after the day the sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order."). He had until Monday, August 26, 1991, to file a timely notice of appeal. *See* Tex. R. App. P. 4.1.

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the AEDPA in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.

1998). Petitioner is therefore entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997, for the 1991 case.

Petitioner's conviction in the 1999 case became final on March 7, 2001, after the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal on February 5, 2001. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires.").

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to April 24, 1997 for the 1991 case, and prior to the date his conviction in the 1999 case became final.[4] Because the date his convictions became final is the latest date under § 2244(d), the one-year statute of limitations began to run from April 24, 1996 in the 1991 case, and March 7, 2001 in the 1999 case. His § 2254 motion, filed approximately 24 years and 19 years later, is therefore untimely in the absence of statutory or equitable tolling.[5]

**A.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

4 Petitioner does not allege a state-created impediment that prevented him from filing his federal petition, or any new constitutional right.

5 Generally, federal district courts lack subject matter jurisdiction over a habeas petition "once the sentence imposed for a conviction has completely expired." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Nonetheless, "federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, [although] the Supreme Court has said that they generally do not state a cognizable legal claim." *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005). Petitioner's two-year sentence in the 1991 case has expired, but he is challenging that conviction on the basis that it was used to enhance his subsequent life sentence in the 1999 case. (*See* doc. 15.)

Petitioner's writs of mandamus in the 1991 case in 2010, 2018, and 2019, do not statutorily toll the limitations period because they were filed over 19 years after his aggravated assault conviction became final in 1991, and because a petition for writ of mandamus does not constitute post-conviction or other collateral review that tolls limitations under § 2244(d)(2). *See Kelley v. Stephens*, No. 3:15-CV-2000-D-BK, 2015 WL 10372434, at *2 (N.D. Tex. Dec. 10, 2015) (citing *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002)), rec. adopted, 2016 WL 728812 (N.D. Tex. Feb. 24, 2016); *Carr v. Dretke*, No. 5:03-CV-330-C, 2004 WL 2049318, at *3 (N.D. Tex. Sept. 10, 2004); *see also Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction."). As for the 1999 case, Petitioner's state habeas application was received and deemed filed on June 21, 2002, over 3 months after his statutory period for filing a federal habeas petition expired on March 7, 2002. It therefore does not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after expiration of the limitations period does not statutorily toll the limitations period).

Statutory tolling does not save the petition in this case.

**B.    Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some

extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner argues that he is entitled to equitable tolling because new evidence supports his claims of: (1) "clear and convincing [p]roof of an [a]cquittal by an abondonment [sic]/dismissal of the only aggravating conduct element theory [a]fter jeopardy attached with consent of the trial court as part of a plea agreement when he contince [sic] to suffer collateral consequence as a result of the Court failue [sic] to reclassified the jeopardy barred aggravated assault conviction, to a non-barred simple assault – illegaly [sic] used as a feleony [sic] enhancement to life"; and (2) "prosecutorial misconduct falsely told the court the petitioner had been to prison for aggravated assault with a deadly [sic]." (doc. 15 at 12.) He references an April 12, 2018 order in the 1991 case denying his motion to correct the judgment to reflect that he was convicted of misdemeanor assault, not aggravated assault. (*See id.*; doc. 3 at 14.) The April 12, 2018 order does not constitute evidence, and it was issued almost 27 years after his conviction in the 1991 case became final, over 17 years after his conviction in the 1999 case became final, and over two years before the § 2254 petition. Petitioner has not shown that he pursued his rights

7

diligently or that an extraordinary circumstance prevented him from timely filing his petition. He has failed to meet his burden to show that he is entitled to equitable tolling.

**C.** **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner argues that new evidence shows he is actually innocent of: (1) "[n]ot having been convicted of a felony aggravated assault-carrying a [a]ffirmative finding Warner use [sic] a deadly weapon"; and (2) "the felony habitual provision-[§12.42(d)]." (doc. 15 at 12.) His guilty plea arguably precludes this claim. *See Roots v. Davis*, 4:17-CV-432-O, 2018 WL 6171625,

at *2 (N.D. Tex. Nov. 26, 2018) (citing *McQuiggin*, 569 U.S. at 386, and *United States v. Vanchaik-Molinar*, 195 F. App'x 262 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence.")). Even if *McQuiggin* applies, Petitioner's factual assertions (and the April 12, 2018 state court order upon which he relies) are based on evidence that was available when he pled guilty in both cases, not new evidence. He is therefore not entitled to equitable tolling on the basis of alleged actual innocence.

### III. RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 18, 2020, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 28th day of September, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE