# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GARY WAYNE WARNER,** | ) | |
| **ID # 861634,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:20-CV-858-B-BH** |
| | ) | |
| **DIRECTOR, Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Petitioner's Rule 60(b)(4)(6) Motion*, received on May 24, 2021 (doc. 39).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I.    BACKGROUND

Gary Wayne Warner (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1991 and 1999 convictions and sentences that was received on April 14, 2020. (*See* doc. 3.)  He filed an amended § 2254 petition that was received on August 18, 2020.  (*See* doc. 15.)  On September 28, 2020, it was recommended that the petition be denied as barred by the statute of limitations.  (*See* doc. 17.)  Petitioner filed objections to the recommendation on December 1, 2020.  (*See* doc. 20.)  The recommendation to deny the petition was accepted on December 7, 2020, and judgment was entered on December 8, 2020.  (*See* docs. 21, 22.)  On December 22, 2020, Petitioner sought reconsideration of the final judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  (*See* doc. 23.)  The Rule 59(e) motion was denied, over Petitioner's objections, on February 23, 2021.  (*See* docs. 24, 29, 32.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

Petitioner now moves for relief from the judgment under Rule 60(b). (*See* doc. 39.)

## II.   FED. R. CIV. P. 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3).  *See* Fed. R. Civ. P. 60(c)(1).

## A.   <u>Rule 60(b)(4)</u>

Petitioner initially argues that the December 8, 2020 judgment dismissing his § 2254 petition as time-barred is void.  (*See* doc. 39.)[2]

Under Rule 60(b)(4), a party is entitled to relief from a judgment that is void. Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has recognized two circumstances under which a district court's judgment may be set aside under Rule 60(b)(4) as void: (1) if the district court lacked subject matter or personal jurisdiction over the case or (2) if the district court acted in a manner contrary to due process.  *Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) (quoting

---

[2] Under *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition.  *See also Ruiz v. Quartermann*, 504 F.3d 523, 526 (5th Cir. 2007).  A motion that challenges a "defect in the integrity of the habeas proceedings" or a procedural ruling that precluded a merits determination is properly filed under Rule 60(b), however.  *See Gonzalez*, 545 U.S. at 532; *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018).  Procedural rulings that may be challenged under Rule 60(b) include "a denial for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar."  *Id.* at 532 n. 4; *Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019).  Because Petitioner challenges the denial of his petition as time-barred, his Rule 60(b) motion is not a second or successive habeas petition.

*Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)). Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural irregularities during the course of the civil case will not subject the judgment to collateral attack. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). The Fifth Circuit has further explained, "[u]nder our system of justice, the opportunity to be heard is the most fundamental requirement." *Id.*; *accord Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("'The fundamental requisite of due process of law is the opportunity to be heard.'").

Here, Petitioner does not allege that this Court lacked jurisdiction over his habeas case. Instead, he claims that the December 8, 2020 judgment "is void, inasmuch as the District Court violated Petitioner's Guaranteed right to Due Process and Equal Protection of law during the habeas proceeding" because it denied his petition without making factual determinations on the merits of his claims, and because it held "that his guilty plea waived his right to raise his habeas claim of actual innocence." (doc. 39 at 1-3.)

As noted in the recommendation, Petitioner's claims were barred by the statute of limitations because he filed his petition 24 years and 19 years, respectively, after the two convictions he challenged became final under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214. (*See* doc. 17 at 3-5.) He failed to show that he was entitled to statutory or equitable tolling. (*See id.* at 5-8.) To the extent Petitioner alleged actual innocence as a basis for tolling the AEDPA statute of limitations, his claim was arguably precluded by his guilty plea in the underlying criminal case. (*See id.* at 8-9.) The recommendation went on to find that even if Petitioner's actual innocence allegations were not precluded by his guilty plea, his factual allegations of actual innocence were based on evidence available when he

pleaded guilty in both cases, not new evidence.  (*Id.* at 9.)  He therefore was not entitled to equitable tolling on the basis of alleged actual innocence.  (*Id.*)  Petitioner's failure to follow the applicable law and procedures under the AEDPA to timely file a § 2254 petition does not render the judgment void.  *See, e.g.*, *Canales v. Dretke*, No. C-00-396, 2006 WL 2442919, at *2 (S.D. Tex. Aug. 22, 2006) (rejecting Rule 60(b)(4) argument that the petitioner's due process rights were violated when the court dismissed his § 2254 petition for failure to exhaust without addressing merits of claim).  Accordingly, he has not demonstrated that he was denied due process under Rule 60(b)(4).

Petitioner also argues that the judgment is void because it is inconsistent with or violates the Equal Protection Clause of the Constitution.  (*See* doc. 39 at 2-3.)  According to him, "when [the Court] did not make a factual determinations [sic] as to Petitioner['s] claim of Prosecutor misconduct, Petitioner asserst [sic] that, by depriving him of this right while retaining it for another stands in strak [sic] opposton [sic] to established principles of equal access to Courts for all litigants, which of course is the original purpose behind writ of habeas corpus."  (*Id.*)  He also claims he "clearly is not being treated the same as other petitioner's [sic]," and cites *Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002), *vacated and remanded*, *Dretke v. Haley*, 541 U.S. 386 (2004), in support as involving a similarly situated petitioner.  (*Id.* at 3.)  *Haley* involved a timely-filed § 2254 petition and the application of the "actual innocence" exception to the procedural default doctrine in a noncapital case, not a time-barred § 2254 petition with actual innocence as a basis for equitable tolling as in Petitioner's case.  *See Haley*, 306 F.3d at 261, 263-66.  *Haley* is inapplicable here, and Petitioner's argument on this basis fails.[3]  He is not entitled to relief under Rule 60(b)(4), and his motion should be denied on this ground.

---

[3] Petitioner also cites *Lefkowitz v. Newsome*, 420 U.S. 283 (1975), when he alleges that the Court deprived him of the right to have factual determinations made on his prosecutorial misconduct claim "while retaining [the right] for another."  (doc. 39 at 2; *see id.* at 3.)  *Lefkowitz* did not involve the consideration of the merits of a § 2254 petition barred by the statute of limitations or a void judgment under Rule 60(b)(6); rather, it was "limited to the question of a

**B.    <u>Rule 60(b)(6)</u>**

Petitioner also contends that exceptional circumstance exist that justify relief from the judgment under Rule 60(b)(6).

Rule 60(b)(6) is the "catch-all" clause of Rule 60(b).  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  It is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'"  *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).[4]

To the extent Petitioner's claim for relief falls within the coverage of Rule 60(b)(4), relief under subsection (6) is not available.  *See Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) ("'The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b).'"); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). Even if his claim for relief under Rule 60(b)(6) was not barred for this reason, however, Petitioner has also not shown the existence of "extraordinary circumstances" warranting relief under Rule

---

defendant's right to file a federal habeas corpus petition challenging the lawfulness of a search or the voluntariness of a confession or presenting other constitutional claims when a State provides for appellate review of those issues after a guilty plea."  420 U.S. at 287.  *Lefkowitz* therefore does not support Petitioner's Rule 60(b)(4) claim.

[4] In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered . . . on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Id.* at 402; *Raby v. Davis*, 907 F.3d 880, 885 (5th Cir. 2018). Such extraordinary circumstances "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535; *see also Crutsinger v. Davis*, 936 F.3d 265, 267 (5th Cir. 2019).

60(b)(6).  *Hess*, 281 F.3d at 216.  As discussed, his allegations that the judgment deprived him of his due process and equal protection rights are without merit.  He therefore fails to establish the presence of extraordinary circumstances such that denial of his motion would be "so unwarranted as to constitute an abuse of discretion."  *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motion); *see also Mers, Inc. v. M/V Christopher D*, No. 93-1853, 1996 WL 169098, at *1 (E.D. La. Apr. 8, 1996) (denying relief under Rule 60(b)(6) where the movant offered conclusory statements that it "finds itself in extraordinary circumstances and in an unfair and unjust predicament.").  Nor would granting the motion be consistent with the considerations listed in *Seven Elves*.  Accordingly, Petitioner's Rule 60(b)(6) claim should be denied.

### III.    RECOMMENDATION

The *Petitioner's Rule 60(b)(4)(6) Motion*, received on May 24, 2021 (doc. 39), should be **DENIED**.

**SIGNED this 1st day of June, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE